### STATE v. SARAH BELL.

(Filed 25 September, 1957.)

APPEAL by defendant from *Bundy, J.,* May, 1957 Term, BERTIE Superior Court.

Criminal prosecution first tried in the Recorder's Court of Bertie County upon a warrant which charged the defendant with three separate violations of the liquor laws: (1) Possession; (2) possession for

the purpose of sale; and (3) sale. From a verdict of guilty and sen-ʼ tence, she appealed to the Superior Court. Upon·a trial *de novo* there she was convicted by the jury and from the judgment imposed, appealed to this Court, assigning as error (1) the admission of evidence over her objection, (2) the refusal of the court to direct a verdict of not guilty, and (3) the· failure of the trial judge·to apply the law to the evidence.

*George B. Patton, Attorney General, and T. W. Bruton, Assistant Attorney General, for the State.*

*John R. Jenkins, Jr., for defendant, appellant.*

PER CURIAM. Two officers testified they were doing undercover work for the North Carolina Alcoholic Beverage Control Board. They went to the defendant's home at about 10:30 p.m. on February 16, 1957, where a number of people were then gathered, some of whom were drinking. The defendant sold the officers a pint of nontaxpaid whisky for which they paid her $2.00.

The defendant testified she was not at home on the night of February 16, did not see the officers on that occasion, and had never sold them any liquor. Her husband and other witnesses testified she was not at her home on the date charged. Both the defendant and her husband admitted to previous convictions for violation of the liquor laws.

The issue was simple. The evidence was in conflict. The jury accepted the State's version. The court's charge covered all essential aspects of the case. The punishment imposed was within the limits permitted under the law. No reason appears why the result should be disturbed.

No error.